| | |
|---|---|
| 1 | Eric J. Hardeman (SBN 253489) |
| 2 | ejhardeman@jonesday.com<br>JONES DAY |
| 3 | 3161 Michelson Drive, Suite 800<br>Telephone:  (949) 851-3939 |
| 4 | Facsimile:    (949) 553-7539 |
| 5 | Attorneys for Defendant<br>Experian Information Solutions, Inc. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. ROGERS,<br><br>                    Plaintiff,<br><br>       v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                    Defendants. | **CASE NO. CV09-5532-AHM (RZx)**<br><br>[~~PROPOSED~~] **ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER** |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

### ORDER

The Court, having considered the Stipulation for Protective Order between Plaintiff David Rogers and Defendant Experian Information Solutions, Inc. ("Experian"), hereby ORDERS as follows:

    1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are

IRI-1214v1

designated to be subject to this Order in accordance with the terms hereof. Notwithstanding any other provision of this Order, confidential material used at trial will become public absent a separate court order upon written motion and sufficient cause shown. In addition, confidential material used in connection with dispositive motions will become public, absent a separate court order upon written motion and sufficient cause shown.

2. All parties to this case shall treat as confidential, any information designated by a party as "Confidential" or "Confidential—Attorney's Eyes Only" pursuant to this order, and all transcripts and other materials that reflect or incorporate the confidential information therein. Specifically, the parties shall proceed as follows:

a) Any party or non-party producing or filing the confidential documents in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" or "Confidential - Attorney's Eyes Only." If documents were produced before the entry of this Order, which documents the producing party believes should be treated as "Confidential" or Confidential – Attorney's Eyes Only," than the producing party may so designate the documents, and all receiving parties will immediately thereupon make said documents as "Confidential" or "Confidential – Attorney's Eyes Only" and treat them as such.

b) Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action, any papers with the Court that incorporate any document designated as "Confidential" or "Confidential—Attorney's Eyes Only" or other testimony or information subject to this Order. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing shall

first obtain written permission from the designating party or a court order secured after notice to all interested persons, and shall file them with the clerk under seal. A party that seeks to file under seal any such designated material must comply with Local Rule 79-5.

c) Documents and information including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential - Attorney's Eyes Only" hereunder, shall not be used, directly or indirectly, by any person (including other defendants) for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

d) Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential" under this Order, and any information contained in, or derived from any such materials (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (i) the Court and its officers; (ii) parties to this litigation; (iii) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (iv) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (v) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) (vi) experts and trial consultants, and any employees assigned to assist any such experts.

1   e)   Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading marked as "Confidential - Attorney's Eyes Only" under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder), may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than requesting party's counsel of record. The information contained in these materials include highly secretive trade information that may be seen solely by the requesting party's counsel of record.

f)   Disclosure of documents designated as "Confidential" or "Confidential – Attorney's Eyes Only" may not be made to anyone other than the parties, their employees, the Court, and the Court's officers/representatives unless, prior to disclosure, the intended recipient (a) is advised of the confidential nature of such documents; (b) reads the Stipulation for Protective Order and the Order Modifying and Granting Modified Stipulation for Protective Order; and (c) agrees in writing (i) not to disseminate or disclose such documents to any person other than those described above in Paragraphs 2(d) and 2(e), and for the purposes specified; (ii) not to make any other use of such documents; (iii) to be bound by the terms of the Stipulated Protective Order and the Order Modifying and Granting Modified Stipulation for Protective Order; and (d) signs the attached Declaration of Compliance.

(h) The material which may be designated as "Confidential" or "Confidential---Attorney's Eyes Only" is as follows:

(1) Experian's Administrative Reports, Dispute/Response Logs and Disclosure Logs;

IRI-1214v1

- 4 -

1                    (2) Any documents containing identifying information as to Plaintiff or
2    any other person, such information consisting of social security numbers, addresses,
3    telephone numbers or other similar matters.
4
5            3.      Nothing in this Order shall prevent a party from using at trial, or
6    during depositions, any Documents, information or materials designated
7    "Confidential" or "Confidential - Attorney's Eyes Only."  ."  In deposition, all
8    persons shown documents or materials designated "Confidential" or "Confidential
9    – Attorney's Eyes Only" may only be shown to persons governed by this Order.  To
10   the extent any party demonstrates an appropriate basis to protect the confidentiality
11   of documents designated pursuant to this Order at trial, appropriate measures must
12   be taken to protect the confidentiality of such document.
13           4.      This Order has been entered to facilitate discovery and the production
14   of relevant evidence in this action.  The parties agree not to offer as evidence with
15   respect to any issue in this action: (a) the entry of the Stipulation for Protective
16   Order; or (b) the designation of, or the failure to designate any information,
17   document, or the like as "Confidential" or "Confidential –Attorney's Eyes Only."
18           5.      Within sixty (60) days after the final termination of this litigation, all
19   documents, transcripts and other materials afforded confidential treatment pursuant
20   to this Order, including any extracts, summaries or compilations taken therefrom,
21   but excluding any materials which in the good faith judgment of counsel are work
22   product materials, shall be returned to the individual or entity having produced or
23   furnished same.  This paragraph does not apply to documents filed or otherwise
24   submitted to the Court or its officers/representatives.
25           6.      In the event any party believes that any specific material designated as
26   "Confidential" or "Confidential –Attorney's Eyes Only" should not be so
27   designated, it shall give notice to the disclosing party in writing of its intent to
28   challenge the designation of such  material.  Such notice shall be served on counsel

IRI-1214v1

1    for the disclosing party, and shall particularly identify the material that the party
2    challenging the designation is not "Confidential" or "Confidential –Attorney's Eyes
3    Only."  The parties shall have fourteen (14) calendar days from receipt of the
4    written notice to meet and confer in an attempt to resolve any dispute over the
5    proper designation of such material, and they shall attempt to resolve any challenge
6    in good faith on an expedited and informal basis. If the parties cannot reach
7    agreement with fourteen (14) calendar days after receipt of the written notice of
8    intent to challenge the designation, the party challenging the designation may then
9    file a motion with the Court to resolve such dispute, subject to the provisions of
10    Local Rule 37.  In the event that the party challenging the designation files such a
11    motion, the material in issue shall continue to be treated as Confidential (or
12    Confidential –Attorney's Eyes Only, if so designated) until the Court orders
13    otherwise.  On any such motion, the challenging party shall have the burden of
14    proving that the designation was improper.

15       If any time frames set forth in this paragraph are inconsistent with those in
16    either the Federal Rules of Civil Procedure, or the Local Rules of this Court, the
17    time frames in the rules shall govern.

18       7.    Nothing herein shall affect or restrict the rights of any party with
19    respect to its own documents or to the information obtained or developed
20    independently of documents, transcripts and materials afforded confidential
21    treatment pursuant to this Order.

22       8.    The court retains the right to allow disclosure of any subject covered
23    by this stipulation or to modify this stipulation at any time in the interest of justice

24    IT IS SO ORDERED
      DATED: December 15 , 2009
25

26                                 HON. RALPH ZAREFSKY
                                   UNITED STATES MAGISTRATE JUDGE
27

28

IRI-1214v1